UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CV-60844-SCOLA/SELTZER

WALINBAY, S.A., an Uruguayan company

Plaintiff,

vs.

FRESH RESULTS, LLC, a Florida limited
liability company; ERIC CRAWFORD, an
individual; and AGNES FITTON, an
individual,

Defendants.
_____/

**DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendants, Fresh Results, LLC ("Fresh Results"), Eric Crawford ("Crawford"), and Agnes Fitton ("Fitton," and together with Fresh Results and Crawford, the "Defendants") hereby file their Answer and Affirmative Defenses to the Complaint, as follows:

**The Parties**

1.  Defendants lack knowledge or information sufficient to admit or deny the allegation contained in Paragraph 1 of the Complaint and therefore deny same.

2.  Defendants lack knowledge or information sufficient to admit or deny the allegation contained in Paragraph 2 of the Complaint and therefore deny same.

3.  Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.  Defendants admit the allegations contained in Paragraph 4 of the Complaint other than the allegation that Crawford "controlled or was in a position to control the assets of Fresh Results," which is denied.

1

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint other than the allegation that Fitton "controlled or was in a position to control the assets of Fresh Results," which is denied.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint for venue purposes only.

## COUNT I
## AGAINST DEFENDANT FRESH RESULTS, LLC:
## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. §499e(c)(3) and (4)

11. Fresh Results readopts and realleges its responses to Paragraphs 1 through 10 above as though set forth fully herein.

12. Fresh Results admits the allegations contained in Paragraph 12 of the Complaint.

13. Fresh Results denies the allegations contained in Paragraph 13 of the Complaint.

14. Fresh Results denies the allegations contained in Paragraph 14 of the Complaint.

15. Fresh Results denies the allegations contained in Paragraph 15 of the Complaint.

16. Fresh Results denies the allegations contained in Paragraph 16 of the Complaint.

17. Fresh Results denies the allegations contained in Paragraph 17 of the Complaint.

18. Fresh Results denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT II
## AGAINST DEFENDANT FRESH RESULTS, LLC:
## ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
## 7 U.S.C. §499e(c)(5)

19. Fresh Results readopts and realleges its responses to Paragraphs 1 through 10 and Paragraphs 13 through 17 above as though set forth fully herein.

20. Fresh Results lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint and therefore denies same.

21. Fresh Results denies the allegations contained in Paragraph 21 of the Complaint.

22. Fresh Results admits the allegations contained in Paragraph 22 of the Complaint.

23. Fresh Results denies the allegations contained in Paragraph 23 of the Complaint.

24. Fresh Results denies the allegations contained in Paragraph 24 of the Complaint.

25. Fresh Results denies the allegations contained in Paragraph 25 of the Complaint.

26. Fresh Results denies the allegations contained in Paragraph 26 of the Complaint.

27. Fresh Results denies the allegations contained in Paragraph 27 of the Complaint.

28. Fresh Results denies the allegations contained in Paragraph 28 of the Complaint.

29. Fresh Results denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT III
## AGAINST DEFENDANT FRESH RESULTS, LLC:
## VIOLATION OF PACA:  FAILURE TO MAINTAIN PACA
## TRUST ASSETS AND CREATION OF COMMON FUND
## 7 U.S.C. §499b(4)

30. Fresh Results readopts and realleges its responses to Paragraphs 1 through 10 and Paragraphs 13 through 17 above as though set forth fully herein.

31. Fresh Results denies the allegations contained in Paragraph 31 of the Complaint.

32. Fresh Results denies the allegations contained in Paragraph 32 of the Complaint.

33. Fresh Results denies the allegations contained in Paragraph 33 of the Complaint.

34. Fresh Results denies the allegations contained in Paragraph 34 of the Complaint.

35. Fresh Results denies the allegations contained in Paragraph 35 of the Complaint.

**COUNT IV**
**AGAINST DEFENDANT FRESH RESULTS, LLC:**
**VIOLATION OF PACA:  FAILURE TO PAY PROMPTLY**
**7 U.S.C. §499b(4)**

36. Fresh Results readopts and realleges its responses to Paragraphs 1 through 10 and Paragraphs 13 through 17 above as though set forth fully herein.

37. Fresh Results denies the allegations contained in Paragraph 37 of the Complaint.

38. Fresh Results denies the allegations contained in Paragraph 38 of the Complaint.

39. Fresh Results admits that PACA may require certain commission merchants, dealers, or brokers to make full payment promptly to unpaid suppliers, in some instances. Defendant denies that same applies here and otherwise denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. Fresh Results admits that Plaintiff has correctly quoted a portion of 7 U.S.C. §499b(4), but denies that same applies in this case.

41. Fresh Results admits the allegations in Paragraph 41 of the Complaint, but denies that the said PACA provisions are applicable in this case.

42. Fresh Results denies the allegations contained in Paragraph 42 of the Complaint.

43. Fresh Results denies the allegations contained in Paragraph 43 of the Complaint.

44. Fresh Results denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT V
## AGAINST DEFENDANT FRESH RESULTS, LLC:
## BREACH OF CONTRACT

45. Fresh Results readopts and realleges its responses to Paragraphs 1 through 10 and Paragraphs 13 through 17 above as though set forth fully herein.

46. Fresh Results denies the allegations contained in Paragraph 46 of the Complaint.

47. Fresh Results denies the allegations contained in Paragraph 47 of the Complaint.

48. Fresh Results denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT VI
## AGAINST PRINCIPAL – ERIC R. CRAWFORD:
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

49. Crawford readopts and realleges his responses to Paragraphs 1 through 10 and adopts and alleges Fresh Results' responses to Paragraphs 13 through 17 above as though set forth fully herein.

50. Crawford admits the allegations contained in Paragraph 50 of the Complaint.

51. Crawford denies the allegations contained in Paragraph 51 of the Complaint.

52. Crawford denies the allegations contained in Paragraph 52 of the Complaint.

53. Crawford denies the allegations contained in Paragraph 53 of the Complaint.

54. Crawford denies the allegations contained in Paragraph 54 of the Complaint.

55. Crawford denies the allegations contained in Paragraph 55 of the Complaint.

56. Crawford denies the allegations contained in Paragraph 56 of the Complaint.

57. Crawford denies the allegations contained in Paragraph 57 of the Complaint.

## COUNT VII
## AGAINST PRINCIPAL – ERIC R. CRAWFORD:
## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

58. Crawford readopts and realleges his responses to Paragraphs 1 through 10 and adopts and alleges Fresh Results' responses to Paragraphs 13 through 17 above as though set forth fully herein.

59. Crawford denies the allegations contained in Paragraph 59 of the Complaint.

60. Crawford denies the allegations contained in Paragraph 60 of the Complaint.

61. Crawford denies the allegations contained in Paragraph 61 of the Complaint.

62. Crawford denies the allegations contained in Paragraph 62 of the Complaint.

## COUNT VIII
## AGAINST PRINCIPAL – AGNES FITTON:
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

63. Fitton readopts and realleges her responses to Paragraphs 1 through 10 and adopts and alleges Fresh Results' responses to Paragraphs 13 through 17 above as though set forth fully herein.

64. Fitton admits the allegations contained in Paragraph 64 of the Complaint.

65. Fitton denies the allegations contained in Paragraph 65 of the Complaint.

66. Fitton denies the allegations contained in Paragraph 66 of the Complaint.

67. Fitton denies the allegations contained in Paragraph 67 of the Complaint.

68. Fitton denies the allegations contained in Paragraph 68 of the Complaint.

69. Fitton denies the allegations contained in Paragraph 69 of the Complaint.

70. Fitton denies the allegations contained in Paragraph 70 of the Complaint.

71. Fitton denies the allegations contained in Paragraph 71 of the Complaint.

## COUNT IX
## AGAINST PRINCIPAL – AGNES FITTON:
## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

72. Fitton readopts and realleges her responses to Paragraphs 1 through 10 and adopts and alleges Fresh Results' responses to Paragraphs 13 through 17 above as though set forth fully herein.

73. Fitton denies the allegations contained in Paragraph 73 of the Complaint.

74. Fitton denies the allegations contained in Paragraph 74 of the Complaint.

75. Fitton denies the allegations contained in Paragraph 75 of the Complaint.

76. Fitton denies the allegations contained in Paragraph 76 of the Complaint.

Any allegation which was not specifically admitted in response to any Paragraph (1 through 76) above is hereby expressly denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

For their First Affirmative Defense, Defendants assert that Plaintiff's claims are barred for failure to state a cause of action.

### Second Affirmative Defense

For their Second Affirmative Defense, Defendants assert that no statutory trust was created under Section 5(c) of PACA, for the reason that the consignor of perishable agricultural commodities validly and effectively waived any purported PACA trust rights in writing and prior to the transactions, pursuant to 7 C.F.R. §46.46(c)(2).

### Third Affirmative Defense

For their Third Affirmative Defense, Defendants assert that Plaintiff is not a statutory PACA trust beneficiary of Fresh Results under 7 U.S.C §499e(c)(5), as it did not sell or consign perishable agricultural commodities to Fresh Results.

### Fourth Affirmative Defense

For their Fourth Affirmative Defense, Defendants assert that Plaintiff is not a statutory PACA trust beneficiary of Fresh Results under 7 U.S.C §499e(c)(5).

### Fifth Affirmative Defense

For their Fifth Affirmative Defense, Defendants assert that even if Plaintiff was entitled to the trust protection under PACA, Plaintiff failed to properly and/or timely preserve any purported statutory trust benefits pursuant to the provisions of Section 5(c) of PACA, 7 U.S.C. §499e(c), and the Regulations, 7 C.F.R. §46.46(f).

### Sixth Affirmative Defense

For their Sixth Affirmative Defense, Defendants assert that even if Plaintiff was entitled to the trust protection under PACA, Plaintiff's trust rights were waived and/or voided by its notice of intent to preserve trust benefits, which stated terms different than the pre-transaction written Distribution Agreement between Fresh Results and Blueberries, S.A. dated as of March 24, 2008, and extended the payment terms for all shipments beyond the statutory and regulatory maximum of thirty (30) days in violation of Section 5(c) of PACA, 7 U.S.C. §499e(c), and the Regulations, 7 C.F.R. §46.46(e)(2).

**Seventh Affirmative Defense**

For their Seventh Affirmative Defense, Defendants assert that Fresh Results made good faith efforts to properly market and sell certain perishable agricultural commodities promptly in a fair and commercially reasonable manner to the extent it was obligated to do so.

**Eighth Affirmative Defense**

For their Eighth Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to breaches of the warranty of suitable shipping condition and failure to supply the kind and quality of perishable agricultural commodities required.

**Ninth Affirmative Defense**

For their Ninth Affirmative Defense, Defendants assert that, to the extent Plaintiff has alleged claims against Eric R. Crawford and Agnes Fitton, individually, in Counts III, IV and V of the Complaint, such claims are barred for the reason that no statutory duty under Section 499b(4) of PACA is imposed upon the individual principals of an incorporated or limited liability commission merchant, dealer or broker of perishable agricultural commodities.

**Tenth Affirmative Defense**

For their Tenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred by the failure to join, in a timely fashion, indispensable and/or necessary parties to the action.

**Eleventh Affirmative Defense**

For their Eleventh Affirmative Defense, Defendants assert that any purported agreement between Plaintiff and any of the Defendants would be barred by the Statute of Frauds.

**Twelfth Affirmative Defense**

For their Twelfth Affirmative Defense, Defendants assert that any purported agreement between Plaintiff and any of the Defendants would be barred by lack of consideration.

### Thirteenth Affirmative Defense

For their Thirteenth Affirmative Defense, Defendants assert that any purported agreement between Plaintiff and any of the Defendants would be barred due to indefiniteness.

### Fourteenth Affirmative Defense

For their Fourteenth Affirmative Defense, Defendants assert that any purported agreement between Plaintiff and any of the Defendants would be barred due to a lack of a meeting of the minds.

### Fifteenth Affirmative Defense

For their Fifteenth Affirmative Defense, Defendants assert that any purported agreement between Plaintiff and any of the Defendants would be barred due to a lack of agreement on all material terms.

### Sixteenth Affirmative Defense

For their Sixteenth Affirmative Defense, Defendants assert that any purported agreement between Plaintiff and any of the Defendants would be barred because Plaintiff did not make any offer to enter into any agreement which was accepted by any of the Defendants.

### Seventeenth Affirmative Defense

For their Seventeenth Affirmative Defense, Defendants assert that any purported agreement between Plaintiff and any of the Defendants would be the result of an assignment involving Blueberries, S.A. and Plaintiff is therefore subject to all of the equities and defenses which Defendants may have been able to assert against the assignor, Blueberries, S.A., including, but not limited to, prior material breach and set off.

**Eighteenth Affirmative Defense**

For their Eighteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred as Blueberries, S.A. did not have the right to sell blueberries to any individual or entity (including the Plaintiff) other than to Fresh Results.

**Nineteenth Affirmative Defense**

For their Nineteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to the consents provided by Blueberries, S.A.

**Twentieth Affirmative Defense**

For their Twentieth Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to the waivers provided by Blueberries, S.A.

**Twenty-First Affirmative Defense**

For their Twenty First Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to Plaintiff's unclean hands and those of its affiliates.

**Twenty-Second Affirmative Defense**

For their Twenty-Second Affirmative Defense, Defendants assert that Plaintiff's claims are barred due to estoppel based upon the consents, waivers, agreements, covenants, warranties, assurances, and other actions of Blueberries, S.A. upon which the Defendants and other third parties justifiably relied to their detriment.

**Twenty-Third Affirmative Defense**

For their Twenty-Third Affirmative Defense, Defendants assert that Plaintiff's claims are barred because they would impermissibly result in breaches and/or violations of the Distribution Agreement between Fresh Results and Blueberries, S.A.

### Burden of Proof Not Assumed

By raising certain matters as defenses, the Defendants do not thereby assume the burden of proof with respect to those matters to the extent that they are not defenses, but rather an element of Plaintiff's claims.

### Reservation of Rights

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses as may be necessary once Plaintiff discloses further information regarding its claims.

### Request for Relief

For the foregoing reasons, Defendants respectfully request that the Court enter judgment in favor of the Defendants and against Plaintiff, and award Defendants the attorneys' fees and costs they incur in this action, as well as such other relief this Court deems just and proper.

Respectfully submitted this 2nd day of May 2013.

**By:** *Scott W. Atherton, Esq.*
Scott W. Atherton, Esq.
Fla. Bar No. 749591
scott@athertonlg.com
**ATHERTON LAW GROUP, P.A.**
224 Datura Street, Suite 815
West Palm Beach, Florida 33401
*Attorneys for Defendant*
*Fresh Results, LLC*

**By:** *Wesley A. Lauer, Esq*
Wesley a. Lauer, Esq.
Fla Bar No. 137851
wesley.lauer@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33401
*Attorneys for Defendants*
*Eric Crawford and Agnes Fitton*

**By:** *Steven E. Nurenberg, Esq.*
Steven E. Nurenberg, Esq.
Fla. Bar No. 808431
snurenberg@meuerslawfirm.com
**MEUERS LAW FIRM**
5395 Park Central Court
Naples, Florida 34109-5932
*Attorneys for all Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 2, 2013, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on counsel of record in the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

        By:   */s/ Scott W. Atherton*
               SCOTT W. ATHERTON
               Fla. Bar No. 749591

## **SERVICE LIST**

*Walinbay v. Fresh Results et al*

**Case No. 13-CV-60844-SCOLA/SELTZER**

Thomas J. Meeks
tmeeks@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4200
Miami, Florida 33131-2114
Tel.: (305) 530-0050
Fax: (305) 530-0055

*Counsel for Plaintiff*


Craig A. Stokes
cstokes@stokeslawoffice.com
Jessie Lopez
jlopez@stokeslawoffice.com
**Stokes Law Office LLP**
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Telephone (210) 804-0011
Facsimile (210) 822-2595

*Counsel for Plaintiff*