UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 13-CV-60844-SCOLA/VALLE**
**Case No. 13-CV-61546-SCOLA/VALLE**

FRESH RESULTS, LLC, et al.,

    Counter-Plaintiffs,

vs.

WALINBAY, S.A.,

    Counter-Defendant.
_____/

BLUEBERRIES, S.A.,

    Plaintiff,

v.

FRESH RESULTS, LLC, et al.,

    Defendants.
_____/

## COUNTER-PLAINTIFF FRESH RESULTS, LLC'S UNOPPOSED MOTION FOR LEAVE TO AMEND COUNTERCLAIM AGAINST BLUEBERRIES, S.A. BY INTERLINEATION

Counter-Plaintiff Fresh Results, LLC ("Fresh Results") has claimed, including since prior to the initiation of this litigation, that it is entitled to its lost commissions from Blueberries, S.A. ("BBSA") resulting from BBSA's breaches of a Distribution Agreement between those parties. Fresh Results' Counterclaim specifically includes a calculation of its claimed lost commissions. Despite that, although the "WHEREFORE clause" contained in Fresh Results' Counterclaim seeks compensatory damages, it does not specifically reference lost commissions. Accordingly, Fresh Results, in an abundance of caution and for avoidance of doubt, hereby files this

1

Unopposed Motion for Leave to Amend Counterclaim against Blueberries, S.A. by Interlineation to specifically include "lost commissions" as one of the remedies it seeks, and in support thereof, states as follows:

1. On August 18, 2013, Fresh Results filed a Counterclaim (the "Counterclaim") against BBSA [Consolidated Case 0:13-cv-61546, DE 16].

2. The Counterclaim alleges numerous breaches of a Distribution Agreement by BBSA including, without limitation, BBSA's failure to deliver the minimum required quantities of blueberries to Fresh Results. Paragraph 17 of the Counterclaim specifically sets forth Fresh Results' lost commissions resulting from BBSA's supply shortfall.

3. This was not the first time that Fresh Results put BBSA on notice that it was seeking to recover its lost commissions. For example, the two exhibits attached to the Counterclaim [Consolidated Case 0:13-cv-61546, DE 16-1 and 16-2] are letters from Fresh Results' counsel to BBSA dated September 21, 2012 and January 7, 2013, respectively. Both of those letters set forth BBSA's damages, including its lost commissions.

4. BBSA was also made aware that Fresh Results is seeking its lost commissions since those commissions formed the basis of Fresh Results' successful opposition to BBSA's Partial Motion for Summary Judgment in this case. [See e.g. DE 31, ¶24 ("BBSA delivered less than two-thirds of the supply requirements each year – and barely one-third in 2011 – resulting in an approximate loss of nearly $4,000,000 in commissions to Fresh Results") and DE 52 (order denying BBSA's Partial Motion for Summary Judgment)]

5. Although it has always been known to BBSA and evident throughout this case that Fresh Results is seeking to recover its lost commissions from BBSA, the "WHEREFORE

clause" contained in the Counterclaim does not specifically reference lost commissions (though it does mention compensatory damages).

6. In an abundance of caution and to dispel any potential doubt, Fresh Results requests amendment by simple interlineation. Fresh Results seeks to avoid the potential waste of judicial resources, effort, and expense adjudicating a dispute over damages that it actually has alleged. While the deadline to amend pleadings in this case was October 2, 2013, the requested amendment is not substantive and does not raise any new claims, nor does it assert any new allegations. There will be no prejudice to BBSA, particularly given that BBSA was already on notice and fully aware, including as set forth in Fresh Results' Counterclaim, of the damages that Fresh Results seeks.

7. The proposed amendment specifically requested herein is shown in the following underlined bold type and would amend the "WHEREFORE clause" contained on Page 8 of the Counterclaim by interlineation:

> WHEREFORE, Counter-Plaintiff respectfully requests judgment in its favor, an award of compensatory damages against BBSA, **consequential damages consisting of Fresh Results' lost commissions,** an award of attorneys' fees and costs against BBSA, pre-judgment and post-judgment interest, and such other and further relief this Court deems just and proper.

### Legal Authority

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" which shall be "freely granted…." Although BBSA has not provided written consent, "[t]he Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial…." *Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 336-37 (11th Cir. 2006) (finding abuse of discretion in denying motion for leave to amend). Thus "unless there is a substantial reason to

deny leave to amend, the discretion of the district court is not broad enough to permit denial." *W.R. Huff Asset Management Co. v. Kohlberg, Kravis, Roberts*, 209 Fed. Appx. 931 (11th Cir. 2006). Here, there is not a substantial reason to deny the requested amendment. In fact, the allegations of Fresh Results' Counterclaim already satisfy the general pleading requirements for the special damages requested. *Italiano v. Jones Chemicals, Inc.*, 908 F.Supp. 904, 907 (M.D. Fla. 1995). Just as in *Italiano*, Fresh Results' breach of contract count incorporates the general allegations it asserted (¶27), specifically including its lost commission damages (¶17). The pleading requirement for such special damages in Federal Rule of Civil Procedure 9(g) is satisfied. *Id*. The requested amendment is a simple housekeeping matter to alleviate any unnecessary or unavailing dispute. Many courts permit amendment by interlineation as requested herein in such cases. *See, e.g. Regions Bank v. Commonwealth Land Title Ins. Co.*, 11-23257-CIV, 2012 WL 5410948 (S.D. Fla. 2012); *Woodburn v. State of Florida Dept. of Children & Family Services*, 854 F. Supp. 2d 1184 (S.D. Fla. 2011).

For the reasons set forth above, Fresh Results seeks to amend its Counterclaim against BBSA by interlineation and respectfully requests that the Court grant this motion permitting that amendment.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), Scott W. Atherton conferred with Mr. Robert Goldman, counsel for BBSA. Mr. Goldman indicated that he does not object to the relief sought herein.

Respectfully submitted this 14th day of January, 2014.

**By:** *Scott W. Atherton*
Scott W. Atherton, Esq.
Fla. Bar No. 749591
scott@athertonlg.com
Harris S. Nizel, Esq.
Fla. Bar No. 807931
harris@athertonlg.com
**ATHERTON LAW GROUP, P.A.**
224 Datura Street, Suite 815
West Palm Beach, Florida 33401
*Attorneys for Fresh Results, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14th, 2014, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on counsel of record in the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Scott W. Atherton*
SCOTT W. ATHERTON
Fla. Bar No. 749591

## SERVICE LIST

*Walinbay v. Fresh Results et al*
*Blueberries, S.A. v. Fresh Results et al*
Case No. 13-CV-60844-SCOLA/VALLE

Craig A. Stokes
cstokes@stokeslawoffice.com
Jessie Lopez
jlopez@stokeslawoffice.com
**Stokes Law Office LLP**
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Tel: (210) 804-0011
Fax: (210) 822-2595
*Counsel for Walinbay, S.A. and Blueberries, S.A.*

Robert E. Goldman
robert@goldmanlaw.com
**Law Office of Robert Goldman**
1 East Broward Blvd., Ste. 700
Fort Lauderdale, FL  33301
Tel: (954) 745-7450
Fax: (954) 745-7460
*Counsel for Walinbay, S.A. and Blueberries, S.A.*

Wesley A. Lauer, Esq.
Fla Bar No. 137851
wesley.lauer@akerman.com
**AKERMAN LLP**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33401
Tel: (561) 653-5000
Fax: (561) 659-6313
*Attorneys for Eric Crawford and Agnes Fitton*

Steven E. Nurenberg, Esq.
Fla. Bar No. 808431
snurenberg@meuerslawfirm.com
**MEUERS LAW FIRM**
5395 Park Central Court
Naples, Florida 34109-5932
Tel: 239-513-9191
Fax: 239-513-9677
*Attorneys for Fresh Results, LLC, Eric Crawford, and Agnes Fitton*